JOSIAH TURNER v. W. W. HOLDEN.

*Execution—Supplemental Proceedings—Receiver.*

Where a receiver is appointed in a proceeding supplemental to execution, he becomes the legal assignee of the property specified in the order, subject to the direction of the Court in which the judgment was rendered, and the judgment debtor is forbidden to interfere in any manner with its collection or control.

This was a motion for leave TO ISSUE EXECUTION, heard before *Gilmer, Judge,* at Fall Term, 1885, of CHATHAM Superior Court.

The plaintiff, at Spring Term, 1879, of the Superior Court of Chatham, upon issues submitted to and found by the jury, recovered judgment against the defendant for eight thousand dollars and his costs incurred in the action, which was duly docketed therein, and also in the Superior Court of Wake. Execution issued thereon to the sheriff of the last named county, to which

he made return, bearing date May 19, 1879, that no property was found for its satisfaction. The judgment having become dormant, the plaintiff, upon notice given to the defendant, made a motion before the Superior Court Clerk of Chatham, on Monday, the 2d day of February, 1885, for leave, founded on affidavit that no part thereof had been paid, to sue out execution, and enforce collection. The defendant, in opposition to said motion, made affidavit, and introduced the record evidence in proof of his allegations, that in certain supplemental proceedings, auxiliary to and in aid of two judgments recovered, the one by George W. Swepson, the other by the Falls of Neuse Manufacturing Company against said Turner and another, in the Superior Court of Wake aforesaid, one G. Rosenthal was appointed receiver of all his property and effects, and especially his judgment against affiant, and thereby the title thereto vested in said receiver, and the plaintiff was "enjoined from interfering in any manner with said judgment."

Upon the hearing the evidence, the clerk adjudged that the plaintiff was not entitled to leave to issue execution and dismissed his motion.

From this ruling an appeal was taken and a re-hearing had before the Judge, on October 30th, 1885, when the ruling was affirmed and the motion disallowed at the plaintiff's costs.

From this judgment, the plaintiff again appealed to this Court.

No counsel for the plaintiff.
*Mr. Spier Whitaker*, for the defendant.

SMITH, C. J. (after stating the case). We entirely concur in the action of the Judge, and the sufficiency of the reasons assigned for denying the application. The receiver, by virtue of his appointment, becomes the legal assignee of the judgment, and was vested with the property therein, and he was "subject to the direction and control of the Court in which the judgment

was obtained, upon which the proceedings are founded." Code, §495.

As the plaintiff had lost all control over the judgment, and was forbidden to interfere with it, he was rightfully refused to be allowed to intervene and sue out process. If derelict in duty, his remedy might be in the removal of the receiver and appointment of a successor, or in seeking compensation in damages for losses sustained by reason of his negligence and inattention, and, if necessary, upon his bond to secure a faithful discharge of duty. There is no error, and the judgment must be affirmed, and it is so ordered.

No error.                                        Affirmed.